IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MISTY VALLADARES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| AND JOHN DOE | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC ("Walmart"), incorrectly named as Wal-Mart, Inc., and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Western District of Texas, Austin Division. The grounds for removal are as follows:

**I.
INCIDENT BACKGROUND AND LAWSUIT**

1. Plaintiff, Misty Valladares, claims she was struck by containers that were stacked too high on a shelf and allegedly fell over and onto Ms. Valladares. *See* Pl.'s Orig. Pet. (Ex. A) at ¶ 4.3. Plaintiff's incident allegedly occurred on January 1, 2024, at a Walmart Store in Port Lavaca, Texas. *See id.* at ¶ 4.2. Additionally, Plaintiff's lawsuit expressly alleges that she is seeking monetary damages over $250,000.00. *See id.* at ¶ 11.1.

2. As part of her lawsuit, Plaintiff also named John Doe as a defendant. *See* Ex. A. John Doe is intended to be the placeholder for a generic Walmart associate whom Plaintiff presumes stacked the boxes, as Plaintiff pleaded no facts to actually knowing the identify of the person or persons who stacked the containers or placed them into the precise position they were in when they allegedly fell on her. *See id.* at ¶ 4.3.

## II.
## TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on April 4, 2024. Plaintiff served Walmart with the Original Petition on April 8, 2024.

4. Walmart's Notice of Removal is timely filed, as it is being filed within 30 days after the date Walmart was served. *See* 28 U.S.C. § 1446.

## III.
## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the properly joined parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. The potential citizenship of John Doe must be disregarded because this John Doe is a fictitious defendant who does not count for citizenship purposes and whose naming is not permitted under Texas law.

**A. Diversity of citizenship exists between Plaintiff and Walmart.**

6. Plaintiff resides in Texas, and resided there at the time she filed suit. *See* Ex. A at ¶ 2.1. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Plaintiff was a citizen of the State of Texas.

<u>Wal-Mart Stores Texas, LLC</u>

7. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC was a Delaware limited liability company, formed under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). If the member of an LLC is another business entity, the citizenship of that entity must be properly alleged. *See Mullins*

*v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC had only one member.

8. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, the sole member of Wal-Mart Stores Texas, LLC was Wal-Mart Real Estate Business Trust. At the time Plaintiff filed his lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a statutory business trust organized and formed in Delaware under the laws of the State of Delaware and with its principal place of business in the State of Arkansas. The citizenship of a statutory trust, including a statutory business trust, is determined by the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, the sole member or shareholder of Wal-Mart Real Estate Business Trust was Wal-Mart Property Co.

9. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co. was a corporation. As a corporation, Wal-Mart Property Co. is considered a citizen of every state where it is incorporated and every state where its principal place of business is located. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1). At the time Plaintiff filed her lawsuit and at the time Walmart files this Notice of Removal, Wal-Mart Property Co. was incorporated in the State of Delaware, under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co.'s principal place of business was located in the State of

Arkansas. Therefore, at all times relevant to this matter, Wal-Mart Property Co. was a citizen of the States of Arkansas and Delaware.

10. Because, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Property Co.'s was a citizen of the States of Arkansas and Delaware, Wal-Mart Real Estate Business Trust shared that same citizenship during those times. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a citizen of the States of Arkansas and Delaware.

11. Because, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Real Estate Business Trust was a citizen of the States of Arkansas and Delaware, Wal-Mart Mart Stores Texas, LLC shared that same citizenship. Thus, at the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Wal-Mart Stores Texas, LLC was a citizen of the States of Arkansas and Delaware. This is where the inquiry ends. *See also Rossignol v. Walmart Inc.*, Civ. Action No. 2:18-CV-274, 2018 WL 6521534, *1 (S.D. Tex. Dec. 12, 2018) (finding that the court's diversity inquiry for Wal-Mart Stores Texas, LLC ended at Wal-Mart Property Co. because it was a Delaware corporation with its principal place of business in Arkansas). The Fifth Circuit also recognizes that Wal-Mart Stores Texas, LLC is diverse from Texas citizens. *See, e.g.*, *Huynh v. Walmart Inc.*, 30 F.4th 448, 452 n.2 (5th Cir. 2022); *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 176 n.1 (5th Cir. 2018).

Wal-Mart, Inc.

12. There is not (and was not) an entity operating identified as Wal-Mart, Inc. There was previously an entity identified as Wal-Mart Stores, Inc. But the Wal-Mart Stores, Inc. entity became inactive on December 15, 2017. There is currently an entity identified as Walmart Inc.,

but Walmart Inc. is not a proper defendant for this case, as it was neither the owner nor the operator of the premises at issue. As such, it cannot be liable for Plaintiff's incident.

13. Regardless, even if Plaintiff claimed that there was a proper basis to name or join Walmart Inc. to this suit (rather than the proper entity, Wal-Mart Stores Texas, LLC) Walmart Inc. is diverse from Plaintiff. Plaintiff expressly contends that the Walmart corporation she seeks to sue is a foreign corporation. *See* Ex. A at ¶ 2.2. And Plaintiff is correct. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc. was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Walmart filed this Notice of Removal, Walmart Inc.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Inc. was a citizen of the States of Arkansas and Delaware.

14. Although Wal-Mart, Inc. is not (and was not) an existing entity or a proper entity/party for purposes of this suit, and although Walmart Inc. is also not a proper party for purposes of this suit, to the extent Plaintiff contends that Walmart Inc. is a proper party to this case and to the extent the Court believes Walmart Inc. should remain or be considered as a named defendant, Walmart Inc. is completely diverse from Plaintiff, is represented by the same undersigned counsel as Wal-Mart Stores Texas, LLC in this matter, and consents to this removal.

**B.   The alleged citizenship of John Doe does not defeat diversity. This individual has not been named or served, and Plaintiff cites no basis permitting the naming of a John Doe defendant in this case.**

15. Plaintiff's lawsuit also alleges that John Doe is a defendant. *See* Ex. A. Plaintiff has not actually named or served this John Doe. *See id.* Plaintiff lacks any specific factual pleading as to the actual citizenship of this unidentified person and has not pleaded any such citizenship.

16. Further, Texas law does not authorize Plaintiff to name a John Doe as a defendant in a premises injury case. Under Texas law, "John Doe" is a fictitious name; it is not a misnomer for anyone or anything and does not represent a valid against anyone. *See, e.g., Riston v. Doe*, 161 S.W.3d 525, 526–30 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). These fictitious individuals are not considered by the Court as part of the removal analysis. *See* 28 U.S.C. § 1441(b)(1). Although the Texas Civil Practice & Remedies Code does include an exception regarding the naming of a John Doe in legal actions, that statute authorizes naming a John Doe only as it relates to specific claims and offenses; premises liability and negligence causes of action are not among those enumerated claims. *See* Tex. Civ. Prac. & Rem. Code § 16.0045. This is fatal to Plaintiff's attempt to name a John Doe, even before the Court reaches the deficiencies and speculation inherent in Plaintiff's allegations against John Doe.

**C.   Complete diversity of citizenship exists between Plaintiff and Walmart.**

17. Plaintiff was a citizen of the State of Texas at the time she filed her lawsuit and at the time Walmart filed this Notice of Removal. Wal-Mart Stores Texas, LLC was, and is, a citizen of the States of Delaware and Arkansas during those same times. If Walmart Inc. is considered as part of the citizenship review, it was and is a citizen of the States of Delaware and Arkansas during those same times. Finally, John Doe is not an actual party to this case, has not been served, and has not had his citizenship alleged or pleaded. Consequently, complete diversity of citizenship exists between Plaintiff and Walmart pursuant to 28 U.S.C. § 1332.

**D.  The amount in controversy requirement is met.**

18.     For purposes of a removal, a defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that she seeks monetary relief from her lawsuit of over $250,000.00. *See* Ex. A at ¶ 11.1. For this reason, the amount-in-controversy requirement has been satisfied.

## IV.
## THIS NOTICE IS PROCEDURALLY CORRECT

19.     Based on the aforementioned facts, the State Court Action may be removed to this Court by Walmart in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division; (ii) venue is proper in this District because the state court where the action is pending is in this District; (iii) this action is between properly joined citizens of different states; (iv) there is no entity identified as Wal-Mart, Inc., and the closest actual entity (Walmart Inc.) is not a properly joined defendant but is also diverse from Plaintiff; (v) John Doe is not a proper defendant and was improperly joined; and (vi) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in the Petition.

20.     Upon filing of this Notice of Removal of the cause, Walmart gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the County Court at Law No. 1 of Calhoun County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

21. Walmart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion or other filing.

## IV.
## CONCLUSION AND PRAYER

22. Walmart has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the properly joined parties. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com

**ATTORNEY FOR WALMART**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record on this 8th day of May 2024.

Evan Andes
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, Texas 77901

*/s/ John A. Ramirez*
John A. Ramirez