Filed 4/4/2024 11:10 AM
Anna Goodman
County Clerk
Calhoun County, Texas

Catherine Blevins, Deputy

CAUSE NO. 2024-CV-0025-CC

| | | |
|---|---|---|
| MISTY VALLADARES | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| WAL-MART, INC | § | |
| AND JOHN DOE | § | CALHOUN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MISTY VALLADARES, hereinafter called Plaintiff, complaining of WAL-MART, INC AND JOHN DOE,, and for cause of action would respectfully show the Court and jury the following:

### I. Discovery Level

1.1    Discovery is intended to be conducted under Level II of the Texas Rule of Civil Procedure 190.

### II. Parties

2.1    Plaintiff MISTY VALLADARES, whose last three digits of her driver's license number are 637, and the last three digits of her social security number are 247, is a resident of Port Lavaca, Calhoun County, Texas.

2.2    Defendant WAL-MART, INC is a foreign corporation authorized to conduct business in the State of Texas and may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 – hereinafter referred to as WAL-MART, INC.

2.3    Defendant, JOHN DOE, an employee of Defendant, WALMART, INC. Once the name and address of the unknown individual is discovered, Plaintiff's petition will be updated with this party's information.

Page 1

EXHIBIT A

### III. Venue

3.1    Plaintiff contends venue is proper in Calhoun County because it is the county which all or a substantial part of the events giving rise to the claims alleged herein occurred.

### IV. Facts

4.1    Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of an injury on Defendant's property.

4.2    On or about January 1, 2024, Plaintiff was shopping on the Defendant's property located at 400 Tiney Browning Blvd., Port Lavaca, Texas 77979 ("the premises"). The premises was owned, leased, occupied or maintained by Defendant WAL-MART, INC.

4.3    At the premises on the occasion in question, Plaintiff was shopping, when a stack of containers which were stacked too high by WAL-MART, INC employee, JOHN DOE causing the containers to fall from the shelf striking Plaintiff causing bodily injury.

### V. Negligence

5.1    Defendant through its employees, servants, agents and/or representatives breached its legal and common law duty to Plaintiff by failing to hire, supervise, train and/or retain competent employees. Plaintiff did not have any knowledge of the incompetent employee and could not have reasonably been expected to discover it. Defendant's breach of duty constitutes negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

6.1    In the alternative, and without waving the foregoing claims, Plaintiff entered defendant's premises as an invitee for their mutual benefit. At all times, Defendant was the

possessor of the premises. The condition on the premise posed an unreasonable risk of harm. The Defendant knew or should have known of such dangerous condition and failed to adequately warn Plaintiff of this unreasonable risk of harm and failed to make this unreasonable risk of harm safe for Plaintiff. The defendants breach proximately caused injury to Plaintiff.

## VI. Respondeat Superior

7.1     Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## VII. Damages

8.1     As result of the above described, the Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future. Plaintiff has also been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries.

## VIII. Exemplary Damages

9.1     The Plaintiff would further show that the Defendant, by its actions through its agents, servants and employees, were guilty of gross negligence and that the Defendant's conduct amounted to a heedless and reckless disregard of the rights of others affected by it, in particularly Plaintiff. The Defendant's conduct amounted to such an entire want of care as to indicate that its acts or omissions as hereinbefore alleged was the result of a conscious indifference to the rights, welfare or safety of the persons affected by it, in particular Plaintiff, and such acts were a proximate cause of the incident made the basis of this suit and resulting

damages to Plaintiff. As a result of the gross negligence of the Defendant, the Plaintiff herein is entitled to recover exemplary or punitive damages from Defendant, in addition to the compensatory damages to which Plaintiff is entitled, for which amounts Plaintiff herenow sues.

9.2   Plaintiff would show that nothing Plaintiff did nor failed to do caused or in any way contributed to the cause of the occurrence made the basis of this suit. To the contrary, the conduct of Defendant constitutes negligence as that term is understood in the law, and such conduct was a proximate cause of the occurrence made the basis of this suit.

## IX. TRCP 193.7

10.1   Plaintiff hereby gives actual notice to each party pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that any and all documents produced during discovery may be used against the party and may produce the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## XI. Prayer

11.1   By reason of the above and foregoing, Plaintiff has been damaged in a sum within the minimum jurisdictional limits of this Court. Plaintiff is seeking monetary relief over $250,000.00. Plaintiff further seeks prejudgment and post judgment interest.

11.2   WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff will recover:

    a.    judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

    b.    interest on said judgment at the legal rate from date of judgment;

    c.    prejudgment interest as allowed by law;

    d.    costs of court; and

e. a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

                    Respectfully submitted,

                    **COLE, COLE, EASLEY & SCIBA, P.C.**
302 West Forrest Street
Victoria, Texas 77901
Telephone:  (361) 575-0551
Facsimile:  (361) 575-0986
E-mail:  evan@colefirmservice.com

By: _____
      EVAN ANDERS
      State Bar No. 24079674
      *Attorneys for Plaintiff,*
      *Misty Valladares*

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY**