Cause No. 2024-CV-0025-CC

| | | |
|---|---|---|
| MISTY VALLADARES | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 1 OF |
| | § | |
| WAL-MART, INC. | § | |
| AND JOHN DOE | § | CALHOUN COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT, WAL-MART STORES TEXAS, LLC, incorrectly named as WAL-MART, INC., and files its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I. General Denial

1. Defendant generally denies the allegations in Plaintiff's Original Petition, and request that Plaintiff be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II. Other Defenses

2. Pursuant to Rule 94 of the Texas Rule of Civil Procedure, Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to her injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of his own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code §33.003.

3. Defendant will further show that this action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of §§33.003 thereof that the trier of fact determine the relative responsibility of Plaintiff, and each and every responsible third-party that maybe joined in this suit. Defendant may not be held jointly and severally liable for any amount of damages claimed herein

unless the percentage of responsibility of Defendant, when compared with that of Plaintiff, and each and every responsible third party is greater than 50%.

4. Defendant will further show that Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating her damages.

5. Defendant will further show that Plaintiff's alleged damages were not proximately caused by any acts or omissions of Defendant.

6. Defendant will further show that in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages. Defendant would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty which would not be imposed even absent a finding of gross negligence, or rather, for a lesser level or degree of culpability for which a penalty is not authorized by law.

7. Defendant will further show that if prejudgment interest is recoverable in this case, it is limited in accordance with TEX.FIN.CODE ANN. §304.101 *et seq*.

8. Defendant will further show that if post-judgment interest is recoverable in this case, it is limited in accordance with TEX.FIN.CODE ANN. §304.003(c).

9. Defendant would further show that to the extent Plaintiff seeks recovery for medical bills, expenses and services that were incurred, but which were never charged to Plaintiff and, thus, were never paid or incurred by Plaintiff because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Defendant asserts that Plaintiff is not entitled to recover these amounts.

10. Defendant will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with

the injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against Defendant, they would respectfully show that they are entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.

11. Defendant will further show that to extent Plaintiff is asserting a recovery of lost earning capacity, loss of contribution of pecuniary value or loss of inheritance, the limitations of Section 18.091 of the Texas Civil Practice and Remedies Code apply.

12. Defendant will further show that they are entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

**Prayer**

WHEREFORE, Cassy M. Hayes, take nothing by way of this suit; that Judgment be entered for Defendant; that Defendant recover costs of Court and reasonable and necessary attorney's fees; and that Defendant have any other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/John A. Ramirez*

_____
John A. Ramirez
SBN. 00798450
5615 Kirby, Suite 900
Houston, Texas  77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT, WAL-MART STORES TEXAS, LLC.

## CERTIFICATE OF SERVICE

 I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 30th day of April, 2024.

 Evan Andes
 COLE, COLE, EASLEY & SCIBA, P.C.
 302 West Forrest Street
 Victoria, Texas 77901

              */s/John A. Ramirez*

              _____
              JOHN A. RAMIREZ