IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MISTY VALLADARES** | § § § | |
| | § | CIVIL ACTION NO. 6:24-CV-00012 |
| VS. | § § | (JURY REQUESTED) |
| **WAL-MART STORES TEXAS, LLC ET AL** | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND REPLY
TO DEFENDANT'S RESPONSE TO AFFIDAVIT OF EVAN M. ANDERS,
COUNSEL FOR PLAINTIFF**

Plaintiff, MISTY VALLADARES, responds to Defendants, WAL-MART STORES TEXAS, LLC, ET AL's, Objections to Plaintiff's Summary Judgment Evidence and reply to Defendant's response to the affidavit of Evan M. Anders, Counsel for Plaintiff.

### ARGUMENTS AND AUTHORITIES

Defendants object to and seek to strike some of Plaintiff's summary judgment evidence, arguing that it is hearsay. Defendants are incorrect. None of Plaintiff's evidence is hearsay.

**I.    The challenged evidence is a party admission under FED. R. EVID. 801(d)(2).**

On a very basic level, the challenged evidence is not hearsay under the plain language of FED. R. EVID. 801(d)(2). In the challenged testimony, Ms. Valladares testified that Nora Meer—a Wal-Mart Employee acting in the scope of her employment—said, "I know exactly who [stacked the totes this way], and they did not do it right. It's not done correctly." Valladares Depo. at 69:15-16. Later, Ms. Meer said, "They should have been

1

stacked … with the lids on the outside, and these two, you know, stacks should have been pushed together." Valladares Depo. at 79:5-7. This testimony establishes that Wal-Mart would or should have known that the totes had been stacked incorrectly because (1) a Wal-Mart employee created the condition; (2) it suggests that the condition had existed from the beginning of the day; and (3) a Wal-Mart employee could have seen immediately that the totes did not have the lids on the outside.[1] It also establishes that the improperly stacked totes created an unreasonably dangerous condition because the totes were heavy and not stacked correctly.

These statements by Wal-Mart employee Nora Meer are not hearsay. Rule 801(d)(2) provides, in no uncertain terms, that "[a] statement that meets the following conditions *is not hearsay*: The statement is offered against an opposing party and … was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" FED. R. CIV. P. 801(d)(2) (emphasis added). Here, Plaintiff specifically testified that Ms. Meer was a "Walmart employee," and it is clear from Ms. Meer's statement and other context that she was speaking on a matter within the scope of her relationship with Wal-Mart. Valladares Depo. at 69:6-8. Specifically, the fact that Ms. Meer came over to help Plaintiff and helped restack the bins shows that the comments were in the scope of her employment. *See* Valladares Depo. at 69:6-16. Courts in the Fifth Circuit, even in the specific context of Walmart, have held that Rule 801(d)(2) applies to Wal-Mart employee statements. *See Jenkins v. Wal-Mart Stores*, 956 F. Supp. 695, 696 (W.D.

---

[1] Contrary to Defendants' suggestion, this was *not* the only evidence Plaintiff cited to establish Wal-Mart's knowledge

2

La. 1997) ("As to current [Wal-Mart] employees, if the statement concerned a matter within the scope of employment, it would be deemed admissible.") (citing *Corley v. Burger King Corp.*, 56 F.3d 709, 710 (5th Cir. 1995); *Davis v. Mobil Oil Exploration & Producing S.E.*, 864 F.2d 1171, 1174 (5th Cir. 1989); and *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1564 (11th Cir. 1991)).

The Fifth Circuit's decision in *Corley* is especially relevant here because it involved a summary judgment proceeding. There, the Fifth Circuit Court of Appeals held that the plaintiffs' "testimony regarding [defendant's employee's] statements at the scene of the accident fall squarely within Rule 801(d)(2)(D)." 56 F.3d at 710. It noted that the witness was an employee of the defendant, Burger King, at the time of the accident that the witness's "alleged statement that he was delivering CO2 to the [Burger King] restaurant concerned 'a matter within the scope of the agency or employment.'" *Id.* The Fifth Circuit reversed the district court's grant of summary judgment. Here, Plaintiff testified unambiguously that Ms. Meer was an employee of Wal-Mart, and—obviously—Ms. Meer's statement about the proper stacking of Wal-Mart's totes concerns a matter within the scope of her agency or employment. *See* Valladares Depo. at 69:6-16. And again, the fact that Ms. Meer helped pick up the totes also establishes that the statement was in the scope of her employment.

Accordingly, Ms. Meer's statements are not hearsay under the plain language of FED. R. EVID. 801(d)(2) and mandatory authority interpreting that rule.

## II. The challenged evidence is not offered only for the truth of the matter asserted.

To the extent used to establish Wal-Mart's knowledge, Ms. Meer's statements are not hearsay for an additional reason: They are not offered to prove the truth of the matter asserted. Rather, they are offered to prove Wal-Mart's knew *or should have known* of the unreasonably dangerous condition.

Federal Rule of Evidence 801 defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *See* FED. R. EVID. 801(c). Applying this definition, the Fifth Circuit Court of Appeals has explained that "[t]estimony offered to prove that the party had knowledge or notice is not hearsay because 'the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.'" *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 483 (5th Cir. 2009); *see also Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1090 (5th Cir. 1988) (holding that a statement does not fall under the hearsay rule if it was offered to prove that certain statements were made to defendant corporation).

Here, Plaintiff offered Ms. Meer's statements in part to establish that Wal-Mart had actual or constructive knowledge of an unreasonably dangerous condition—not merely to provide evidence that the boxes were not stacked correctly. To this extent, the statements are not hearsay for an additional reason.[2]

---

[2] For the reasons explained in the other sections of this response, the statements are *also* admissible to show that the unsafely stacked totes created a dangerous condition. But even if the Court were to hold that the evidence is only admissible to demonstrate Defendant's knowledge, Plaintiff has provided evidence of an unreasonably dangerous condition through the video and Plaintiff's testimony about how the boxes fell on her and how heavy they were.

4

**III. Plaintiff's Response to Defendant's Affidavit of Evan Anders, Counsel for Plaintiff**

Plaintiff would reiterate, that the Court should deny Defendant's Motion for Summary Judgment for the reasons set forth in Plaintiff's response. If and only If, the Court disagrees with Plaintiff, would we request additional time to conduct needed discovery. Defendant seems to paint a picture to the Court that Counsel for Plaintiff's absence occurred in a vacuum, and was a result of Indifference. That could not be farther from the truth.

Defendant's counsel represents to the Court that Plaintiff had failed to Indicate a need for additional time prior to the filing of Its motion. Had Plaintiff known of a Motion for Summary Judgement being filed, counsel would have asked for time to conduct depositions and resolve discovery Issues. This summary judgment was filed on the eve of mediation, during counsel's out-of-state absence.

As set out above, the additional discovery would be admissible under rule 801(d)(2). Since the Defendant's response, Plaintiff has noticed Defendant's corporate representative, and employee witness, and the parties are currently working on amending the notice for each parties' convenience.

The remaining Issues of liability In this case Is a premises liability claim against Defendant. The evidence set out In Plaintiff's affidavit Is critically relevant to what Defendant knew or should have known at the time the dangerous condition was *created* by Defendant vis-à-vis, Its employee, John Doe. If Defendant employee John Doe was trained to stack the totes a different way, this fact supports *knowledge* of the unreasonably

5

dangerous condition, If the Defendant employee was not properly trained, the evidence would be used to support the contention that Defendant *should have known* of an unreasonably dangerous condition.

Plaintiff and Defendant have agreed to file a joint motion to extend the discovery deadline so that both parties can conduct needed discovery in this case. Trial on this matter Is In September of 2025.

## CONCLUSION

Under well-established rules of evidence, the challenged testimony is not hearsay. Accordingly, this Court should reject Defendants' request to strike and overrule the objections.

                                      Respectfully submitted,

                                      COLE, COLE, EASLEY & SCIBA, P.C.
                                      302 West Forrest
                                      Victoria, Texas 77901
                                      Telephone:   (361) 575-0551
                                      Facsimile:    (361) 575-0986
                                      E-mail:            evan@colefirmservice.com

By:_____
            EVAN ANDERS
            State Bar No. 24079674
            Federal I.D. No. 3528933
            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document is being forwarded to counsel of record, on this the 29th day of April, 2025:

<u>Via E-File Service</u>
John A. Ramirez
Texas Bar No. 00798450
Alicia K. Patterson
Texas Bar No. 24121085
5615 Kirby, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
apatterson.atty@bushramirez.com