IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MISTY VALLADARES | § | |
| | § | CIVIL ACTION NO. 6:24-CV-000012 |
| VS. | § | |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| ET AL | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF DR. MOBEEN CHOUDHRI, M.D. AND DR. RAJESH BINDAL, M.D.**

DEFENDANTS, WAL-MART STORES TEXAS, LLC and incorrectly named WALMART, INC. (hereinafter referred to as "Defendant"), files this Reply to Plaintiff's Response to Defendant's Motion to Exclude or Limit the Testimony of Dr. Mobeen Choudhri, M.D., and Dr. Rajesh Bindal, M.D. Defendant incorporates by reference its original Motion to Exclude and all accompanying exhibits and authorities as if fully set forth herein.

I.   **ARGUMENTS & AUTHORITY**

A.   **Plaintiff's Reliance on Rule 26(a)(2)(C) Is Misplaced.**

In her response, Plaintiff attempts to shield Drs. Choudhri and Bindal's improper disclosures under the guise of a "treating physician" under Rule 26(a)(2)(C). However, for the reasons stated herein, Drs. Choudhri and Bindal's deposition testimony clearly establishes Plaintiff's intentions to bypass the requirements to provide an expert report.

As expected, Plaintiff relies on the fact that she did not retain or pay Dr. Choudhri or Dr. Bindal to review documents or prepare reports to justify failing to disclose these

experts properly under Rule 26. Plaintiff's primary argument regarding her reasoning for not complying with Rule 26 is that she disclosed these experts under 26(a)(2)(C) Plaintiff's argument is unfounded.

Plaintiff contends that she properly disclosed Drs. Choudhri and Bindal under Rule 26(a)(2)(C), citing her Initial Disclosures, wherein she identified the doctors and included a "summary of the facts and opinions to which the witness is expected to testify". This summary, which is cited in full in Plaintiff's response, was a blanket statement used for all of Plaintiff's treating physicians. What is notable of this summary is that it states nothing about the treating physicians testifying regarding the causation of Plaintiff's injuries. Thus, on its face, this disclosure is even inadequate under Rule 26(a)(2)(C).

Rather than properly disclose Drs. Choudhri and Bindal under Rule 26(a)(2)(B), Plaintiff uses the "treating physician" label as both sword and shield, seeking to avoid expert disclosure obligations while introducing opinions and materials clearly beyond the scope of treatment. The Federal Rules do not permit this kind of ambush-by-treating-physician. *See Kim v. Nationwide Mut. Ins. Co.,* 614 F. Supp. 3d 475, 484 (N.D. Tex. 2022) ("The purpose of a detailed and complete expert report as contemplated by Rule 26(a) ... [is to] prevent an ambush at trial.") (internal quotation marks omitted).

**B.    Plaintiff's Designation Still Fails to Meet the Basic Requirements of Rule 26(a)(2)(C).**

Rule 26(a)(2)(C) requires disclosure of "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Plaintiff's designation provides

neither. Instead, she offers generic, boilerplate language that all of her medical providers "are expected to testify as to injuries, medical damages-both past and future, sustained as a result of the collision[1] made the basis of this suit" *See* Dkt. No. 53-1 at 2–3. Regarding causation, Plaintiff merely indicates that she "reserves the right to examine these witnesses regarding causation." *See id.* Finally, Plaintiff provides that "for mental impressions, opinions, and facts known" to see the medical records and bills in the case. *See id*. These placeholders are exactly the kind of vague designations Fifth Circuit courts reject. *See State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc*., No. 3:16-CV-2255-L, 2019 WL 1436659, at *7 (N.D. Tex. Mar. 31, 2019), on reconsideration in part, No. 3:16-CV-2255-L, 2023 WL 8606773 (N.D. Tex. Dec. 12, 2023) (Rule 26(a)(2)(C) "does not obviate the need to provide the disclosures expressly required by the rule").

In *Chavez v. Home Depot USA, Inc.,* the Western District of Texas struck nearly identical disclosures that merely recited general topics and referenced medical records, holding that such language does not constitute a summary of facts and opinions under Rule 26(a)(2)(C). No. CV H-22-1700, 2023 WL 6119881, at *5 (S.D. Tex. Sept. 18, 2023). The same is true here, Plaintiff's submission gives no insight into what Drs. Choudhri and Bindal will actually say or why.

Even under the more lenient approach cited to by Plaintiff in *Biggers v. BP Products North America, Inc.,* Plaintiff's disclosure falls short. No. 4:22-CV-02188, 2024 WL 54983 (S.D. Tex. Jan. 3, 2024). The disclosure in *Biggers* at least indicated that the treating

---

[1] The case at bar does not involve a motor vehicle collision, as Plaintiff's disclosures suggest. The apparent reference to a "collision" appears to be a copy-and-paste error from another case. This inadvertent mistake underscores the need for accurate and meaningful expert disclosures tailored to the facts of this case.

3

physicians would offer opinions regarding the "causal nexus between the incident made the subject of [the] lawsuit and [p]laintiff's claimed injuries," providing the opposing party notice of an intended causation opinion. *Id*. at *2. Plaintiff's designation, by contrast, contains no such statement. Simply "reserv[ing] the right" to elicit causation testimony is not a sufficient disclosure under Rule 26(a)(2)(C).

Plaintiff's designation tells neither the Court nor Defendant what opinions her medical providers intend to offer. Because Plaintiff failed to comply with Rule 26(a)(2)(C), the testimony and opinions of Drs. Choudhri and Bindal warrant exclusion.

**C.     Drs. Choudhri and Bindal Offered Litigation-Driven Opinions That Require Full Expert Reports Under Rule 26(a)(2)(B).**

Both Drs. Choudhri and Bindal provided opinions that go far beyond the scope of treatment and were developed for litigation, not patient care. Plaintiff's attempt to classify these witnesses as "treating physicians" under Rule 26(a)(2)(C) completely ignores the clear distinction drawn by federal courts between treatment-based opinions and litigation-driven expert opinions.

**1.     Dr. Choudhri's Life Care Plan Is a Litigation Document, Not a Treatment Record.**

Plaintiff's reliance on *Chavez v. Home Depot U.S.A., Inc.*, No. CV H-22-1700, 2023 WL 6119881 (S.D. Tex. Sept. 18, 2023) and *Bustillos v. Kumar*, No. EP-23-CV-00425-KC, 2025 WL 384049 (W.D. Tex. Feb. 4, 2025) is misplaced. Those cases stand for the uncontroversial proposition that a treating physician may testify about prognosis or expected future treatment when such opinions arise from personal observations and clinical

experience during treatment. *See Chavez*, 2023 WL 6119881, at *3; *Bustillos*, 2025 WL 384049 at *10.

Dr. Choudhri's life care plan is fundamentally different from a treatment-based prognosis. The life care plan was not created during the course of medical care, does not appear in her chart notes, and was not used to make any treatment decisions. *See* Dkt. No. 51-3 at 73:17-75:4. She testified that she does not discuss costs with her patients and did not generate the plan as part of ongoing care. *See id.* at 93:23-94:5. Instead, the life care plan consists of itemized procedures, projected services, and monetary estimates that mirror the structure of a damages report rather than a clinical prognosis. *See* Dkt. No. 51-5. Nothing in *Chavez* or *Bustillos* permits a treating physician to independently calculate future costs or create a stand-alone life care plan for litigation purposes. *See Chavez*, 2023 WL 6119881; *Bustillos*, 2025 WL 384049.

This distinction is an important one. When a treating physician ventures beyond describing anticipated medical treatment to opine on the cost or economic quantification of that care, the physician acts as a retained expert subject to Rule 26(a)(2)(B). *See Labat v. Rayner*, No. 20-447, 2022 WL 1442982, at *4 (E.D. La. May 4, 2022) (excluding treating doctor based on opinions on future medicals that were not addressed in treatment records). Here, Dr. Choudhri has done just that, subjecting her to exclusion under Rule 37.

    **2.**    **Plaintiff's Inconsistent Position Confirms Dr. Choudhri's Exclusion Under Either Rule 37 or Rule 702.**

Plaintiff's unverified claim in her response that she merely provided Dr. Choudhri with "all medical records in this case" but did not ask her to review them is misleading.

5

After providing her with records that were outside of her treatment of Plaintiff, including records from Plaintiff's physical therapist, chiropractor, neurosurgeon and MRI provider, *see* Dkt. No. 51-4 at 66:23-67:15, Plaintiff's counsel asked Dr. Choudhri for opinions that concern these records, including opinions about the necessity and cost of other providers' treatment, *see id*. at 42:9-44:3 and 44:20-45:10. Plaintiff now contends that Defendant has failed to show which of the opinions Dr. Choudhri made were based on her review of the outside records. Perhaps so, but the possibilities are limited. Either Dr. Choudhri reviewed the outside records Plaintiff provided her with and formed opinions based on her review, warranting exclusion under Rule 37, or she formed those opinions based on nothing at all, making the opinions unreliable under Rule 702 analysis. Plaintiff cannot have it both ways.

### 3. Dr. Bindal's Causation and Necessity Opinions Were Developed for Litigation.

In the same way Plaintiff attempts to shield Dr. Choudhri's litigation-driven opinions under the guise of treatment, she takes the same inconsistent approach with Dr. Bindal. Like Dr. Choudhri, Dr. Bindal rendered new opinions after treatment ended and only after reviewing materials provided by counsel, confirming that his opinions, too, were developed for litigation rather than medical care. *See* Dkt. No. 51-7 at 64:12-66:23, 36:7-23, and 45:4-46:2

Plaintiff's reliance on *Cantu v. Wayne Wilkens Trucking, LLC*, 487 F. Supp. 3d 578 (W.D. Tex. 2020), is misplaced. *Cantu* reaffirmed that the treating-physician exception applies only to opinions formed and based on observations made during the course of treatment, not those developed later with counsel's assistance. *See id.* at 582-83. After Dr.

6

Bindal's last treatment, and shortly before his deposition, Plaintiff's counsel provided him, for the first time, with additional materials, including a 2019 x-ray predating the incident at issue. *See* Dkt. No. 51-7 at 64:12-66:23. Counsel then elicited new causation and cost opinions based on the outside information Dr. Bindal received. *See id*. at 36:7-23 and 45:4-46:2. Dr. Bindal's involvement in this case clearly surpasses the bounds of a treating physician.

Courts consistently hold that when a treating doctor reviews external records or develops new opinions at counsel's request, a full expert report is required. *See, e.g.*, *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008); *Perez*, 2020 WL 3074420, at *5; *Labat*, 2022 WL 1442982, at *4. Moreover, Dr. Bindal's own testimony undermines Plaintiff's position here. Dr. Bindal admitted during his deposition that his causation opinions **were not a part of his treatment of Plaintiff**. *See* Dkt. No. 51-7 at 78:22-79:8. This admission confirms that his causation opinions were not treatment-based and therefore fall squarely within Rule 26(a)(2)(B).

In short, Plaintiff cannot invoke the treating-physician label to shield litigation-driven opinions that Drs. Choudhri and Bindal formed only after counsel's involvement and outside the scope of medical care. Their opinions are those of retained experts, and Plaintiff's failure to provide compliant reports warrants their exclusion.

D. **Plaintiff's Disclosure Failures Are Neither Substantially Justified Nor Harmless Under Rule 37(c)(1).**

Plaintiff's response offers no credible or supported basis for her failure to comply with Rule 26(a)(2). She claims the deficiencies were "substantially justified" or "harmless"

because her treating physicians' records and depositions allegedly provided sufficient notice of their opinions. But that argument is without merit; medical records and vague references to treatment do not satisfy the Rule's disclosure requirements. *See Chavez,* 2023 WL 6119881, at *5. Rule 26 requires a *summary of the facts and opinions* a witness will offer, not a scavenger hunt through hundreds of pages of records. *See* Fed. R. Civ. P. 26(a)(2)(C). Allowing these litigation-driven opinions to stand would reward noncompliance and create precisely the kind of trial ambush the disclosure rules are intended to prevent. *See Kim,* 614 F. Supp. 3d at 484.

The undisclosed opinions of Drs. Choudhri and Bindal concern core issues of causation, future treatment, and damages. Defendant was entitled to know the scope of those opinions before discovery closed to prepare for cross-examination and evaluate whether additional discovery was necessary. Plaintiff's nondisclosure deprived Defendant of that opportunity and undermined the procedural protections Rule 26 was intended to secure. The Fifth Circuit has found that such prejudice is sufficient to warrant exclusion, particularly where, as here, discovery has closed and trial is approaching. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 573 (5th Cir. 1996) (providing "[w]hile a continuance would have given Sierra Club more time to review the late disclosures, such a measure 'would neither punish [Cedar Point] for its conduct nor deter similar behavior in the future.'"). Because Plaintiff has not shown substantial justification or harmlessness, exclusion under Rule 37(c)(1) is warranted.

**E.     Plaintiff Does Not Satisfy the Reliability Requirements of Rule 702 and *Daubert*.**

In her response, Plaintiff largely relies on the premise that, as treating physicians, Drs. Choudhri and Bindal's opinions are inherently reliable because they arise from their medical training and care of Plaintiff. But professional qualifications and treatment history, standing alone, do not satisfy *Daubert*. Rule 702 requires that an expert's opinions be "the product of reliable principles and methods" and that those methods be properly applied to sufficient facts or data. Fed. R. Evid. 702.

Plaintiff attempts to establish reliability for Dr. Choudhri's causation opinions by asserting that, based on Dr. Choudhri's testimony, "it is reasonable to conclude that Dr. Choudhri was relying on prior physical examinations designed to pinpoint and elicit complaints of pain." That contention is speculative. Nothing in Dr. Choudhri's deposition identifies what examinations she performed, what findings she relied on, or how those findings informed her causation conclusion. Plaintiff's assumption about what Dr. Choudhri *must* have relied upon only underscores the absence of any articulated methodology and highlights why a formal expert report was critical in this case.

## II.     CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court exclude the testimonies of Drs. Choudhri and Bindal in their entirety or, in the alternative, limit any testimony to factual matters reflected in their medical treatment records.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ Kelsey Heaton*
John A. Ramirez
ATTORNEY IN CHARGE
SBN: 00798450
FBN: 21280
Kelsey Heaton
SBN: 24080501
FBN: 3930733
5615 Kirby, Suite 900
Houston, Texas 77005
T: (713) 626-1555
F: (713) 622-8077
jramirez.atty@bushramirez.com
kheaton.atty@bushramirez.com

ATTORNEYS FOR DEFENDANTS,
WAL-MART STORES TEXAS, LLC
AND WALMART, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to Plaintiff by facsimile, certified mail, return receipt requested and/or delivery service this 11th day of November, 2025.

Evan Anders
Jim Cole
Will Sciba
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, Texas 77901

*/s/Kelsey Heaton*
John A. Ramirez/Kelsey Heaton