United States District Court
Southern District of Texas
**ENTERED**
December 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MISTY VALLADARES § <br> § <br> Plaintiff, § <br> V. § <br> § <br> WAL-MART STORES TEXAS, LLC, § <br> *et al.* § <br> § <br> Defendants. § | CIVIL ACTION NO. 6:24-CV-00012 |

### ORDER

Before the Court is Defendant Wal-Mart's motion to exclude or limit testimony. (D.E. 51). In the motion, Defendant attacks the admissibility of two witnesses disclosed by Plaintiff: Dr. Mobeen Choudhri and Dr. Rajesh Bindal. *Id.* at 1. Plaintiff has responded in opposition. (D.E. 53). After review, the Court **DENIES** Defendant's motion. (D.E. 51).

Defendant makes two arguments in support of excluding, or limiting, the testimony of Drs. Choudhri and Bindal. First, Defendant argues that Plaintiff failed to properly disclose pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (D.E. 51, p. 2). Second, Defendant argues that both witnesses fail to meet the standards for admission of expert testimony delineated in *Daubert* and Rule 702. *Id.* at 3. The Court addresses each argument in turn.

### I. Disclosure

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any person who will provide expert testimony at trial. The specific disclosure requirements for a particular witness depends on the testimony that the witness will offer at trial. *See* Fed. R. Civ. P. 26(a)(2). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" then the disclosure of the witness must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B).

1 / 9

"Non-retained experts such as treating physicians are not required to comply with the report requirement of Rule 26(a)(2)(B)" if their "testimony is confined to facts disclosed during care and treatment of the patient." *Kim v. Time Ins. Co.*, 267 F.R.D 499, 501–02 (S.D. Tex. 2008) (Ellison, J.) (citations omitted). But "where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert" and must provide a written report. *Id.* at 502 (collecting cases).

For non-retained treating physicians, Rule 26(a)(2)(C) requires that the party disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "Designations under Rule 26(a)(2)(C) do not require undue detail." *Chavez v. Home Depot USA, Inc.*, Civ. No. H-22-1700, 2023 WL 6119881, at *2 (S.D. Tex. Sept. 18, 2023) (Rosenthal, J.) (first citing *Moore v. City of Houston*, Civ. No. H-17-2505, 2019 WL 8886239, at *3 (S.D. Tex. Nov. 12, 2019) (Hittner, J.); then citing *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2017 WL 90366, at *1–2 (N.D. Tex. Jan. 10, 2017) (Fitzwater, J.); then citing Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment)). When a plaintiff's disclosures provide a defendant with reasonable notice of the topics, facts, and opinions of testimony and a reasonable opportunity to obtain their own rebuttal experts, then the disclosures were proper. *See Biggers v. BP Prods. N. Am. Inc.*, No. 4:22-CV-02188, 2024 WL 54983, at *2 (S.D. Tex. Jan. 3, 2024) (Ellison, J.). After all, "[t]he basic purpose [of Rule 26] is to prevent prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (first quoting *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994); then citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) (citation modified)).

Plaintiff designated Drs. Choudhri and Bindal as non-retained treating physicians. (D.E. 16, p. 2). The Court finds that both witnesses were properly designated according to the requirements of Rule 26(a)(2)(C). Plaintiff's disclosures included the subject matter on which Drs. Choudhri and Bindal are expected to testify—injuries, medical damages, necessity and reasonableness of services rendered, and causation. (D.E. 53-1, p. 2). And Plaintiff's disclosures included a summary of the facts and opinions to which the experts will testify—that the injuries and damages were "sustained as a result of the collision made the basis of this suit" and "that the medical services rendered . . . were reasonable and necessary." *Id.* Indeed, Defendant has retained experts who intend to rebut the testimony of Plaintiff's non-retained treating physicians. *See* (D.E. 56, p. 5) ("Ms. Rossi may testify as to Plaintiff's healthcare providers' and expert opinions[.]"); (D.E. 56-3) (Rossi Expert Report).

Defendant raises several disclosure objections to Drs. Choudhri and Bindal. None persuade the Court. Defendant objects to Plaintiff's failure to provide a written report for either witness on the grounds that both witnesses testified at deposition that they were provided with additional documents and, Defendant argues, based their testimony on those documents. (D.E. 51, p. 5–6, 8–9). After reviewing the transcript excerpts of Drs. Choudhri and Bindal's depositions, the Court disagrees. Dr. Choudhri and Dr. Bindal both confirmed that all the opinions they plan to offer are based on their treatment of Plaintiff. (D.E. 51-4, p. 26–29); (D.E. 53-2, p. 23). Accordingly, they are properly designated as non-retained experts for whom expert reports are not required. *Kim*, 267 F.R.D at 501–02.

Defendant also argues that Dr. Choudhri, as a non-retained expert, cannot testify regarding the reasonableness of other medical providers treatment and billing. (D.E. 51, p. 6). After reviewing Dr. Choudhri's deposition transcript, the Court notes that Dr. Choudhri explicitly agreed

she cannot opine on the reasonableness of billing or medical treatment of other medical providers. (D.E. 51-4, p. 25). The Court will hold Dr. Choudhri to that limitation at trial, insofar as the treatment or billing of other medical providers are not related to her treatment of Plaintiff, in accordance with the principle that a non-retained treating physician must confine their testimony to facts disclosed during care and treatment of the patient.

Finally, Defendant objects to Dr. Choudhri's testimony regarding future medical care. (D.E. 51, p. 6). At deposition, Dr. Choudhri testified that she planned to testify regarding future medical care based on her treatment of Plaintiff. (D.E. 51-4, p. 29). "[A] treating physician may opine as to the causation of a plaintiff's injuries and a plaintiff's prognosis as long as the doctor formed those opinions based on the care-provider's personal knowledge and observations obtained during the course of care and treatment." *Kim*, 267 F.R.D. at 502 (citation modified) (collecting cases). Again, Dr. Choudhri confirmed that all the opinions she plans to offer are based on her treatment of Plaintiff. (D.E. 51-4, p. 26–29). The Court will allow that testimony. And, to the extent that Dr. Bindal seeks to similarly opine on causation and prognosis, the Court will also allow that testimony provided that it is based on Dr. Bindal's personal knowledge and observations made during the course of his care and treatment of Plaintiff.

## II. Rule 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under this rule, the issue is whether a particular expert has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (citation modified) (citations omitted). Relevance and reliability are key factors in assessing expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587–89 (1993).

### A. Causation

Defendant argues that Dr. Choudhri's causation testimony is unreliable because she relies only on "Plaintiff's self-reporting that she did not have pain before the incident." (D.E. 51, p. 14) (citing D.E. 51-4, p. 24, 27). Specifically, Defendant argues that "because there has been no disclosure that [Dr. Choudhri] reviewed all of Plaintiff's relevant, past medical records" her causation opinions should be excluded. *Id.* at 15.

The Court finds that Dr. Choudhri's causation testimony is sufficiently reliable for purposes of Rule 702. Although Defendant is correct that, in order to offer reliable causation testimony, a treating physician must be aware of a plaintiff's pertinent medical history, *McNabney v. Lab'y Corp. of Am.*, 153 F. App'x 293, 295 (5th Cir. 2005), its factual assertion that "there has been no disclosure" that Dr. Choudhri was aware of such medical history is flatly contradicted by the record.[1] At her deposition, Dr. Choudhri testified that she took a medical history of Plaintiff, reviewed MRI's of Plaintiff's neck, and physically examined Plaintiff. (D.E. 53-3, p. 4–6). What's more, Dr. Choudhri had been providing medical care to Plaintiff since 2019—nearly five years before Plaintiff alleges she suffered the injuries that form the basis of this lawsuit. *Id.* at 4. Defendant's argument that, despite the existence of a nearly five-year doctor-patient relationship,

---

[1] Several times in the Court's examination of the record in deciding the instant motion, the Court has found itself less than satisfied with Defendant's representations of deposition testimony and the factual record. The Court admonishes counsel for Defendant that, as officers of the Court, they owe a duty of candor to accurately represent the facts even as they zealously advocate for their client.

Dr. Choudhri was not aware of Plaintiff's pertinent medical history defies both common sense and the factual record in this case. *Cf. Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 3074420, at *7 (W.D. Tex. June 10, 2020) (Rodriguez, J.). Indeed, Dr. Choudhri's deposition testimony regarding causation came after an extensive description of her evaluation of Plaintiff and her treating history, and in response to a question that specifically asked her to offer an opinion "based on what you learned." (D.E. 53-3, p. 6). In other words, Dr. Bindal was asked to offer causation opinion based on her "personal knowledge and observations obtained during the course of care and treatment." *Chavez*, 2023 WL 6119881, at *3 (quoting *Kim*, 267 F.R.D. at 502). For purposes of Rule 702, this suffices.[2]

Defendant raises a materially identical argument with respect to Dr. Bindal's causation testimony, asserting that it is unreliable because Dr. Bindal only relied on two pre-incident medical records in forming his opinion. (D.E. 51, p. 18). For the same reasons as to Dr. Choudhri, the Court finds Dr. Bindal's causation testimony sufficiently reliable for purposes of Rule 702. Dr. Bindal testified that when he first sees a patient, he goes through all their medical records and specified that he had seen many of Plaintiff's records in this case. (D.E. 53-2, p. 4). Indeed, he confirmed

---

[2] The Court rejects Defendant's assertion that this ruling means Plaintiff can "have it both ways." (D.E. 55, p. 6). Defendant's assertion proceeds on the unstated premise that Dr. Choudhri *only* relied on records that may have fallen outside her treatment of Plaintiff in forming her opinions. The factual record before the Court begs to differ. While Dr. Choudhri did testify at her deposition that she reviewed therapy notes, an MRI report, and the neurosurgeon's report, that testimony came in response to a question asking whether she "reviewed *more* than just [her] own medical records." (D.E. 51-4, p. 22–23) (emphasis added). The citation provided by Defendant does not stand for the proposition that she relied *only* upon those documents. In fact, it suggests exactly the opposite (due to the presence of the modifier "more" in the question). To boot, Dr. Choudhri even confirmed that all the opinions she plans to offer are based on her treatment of Plaintiff. (D.E. 51-4, p. 26–29). A treating physician might reasonably rely on previous medical records as part of their treatment of Plaintiff, as the case law clearly suggests through its implicit requirement that they do just that. *See, e.g., McNabney*, 153 F. App'x at 295. It appears that it is in fact Defendant who has fashioned a heads-I-win-tails-you-lose standard whereby no treating physician could provide reliable causation testimony unless they were designated as a retained expert. The case law flatly contradicts this position. *See, e.g., McCord v. United States*, No. 4:22-CV-00251, 2024 WL 2922978, at *4 (E.D. Tex. June 10, 2024) (Mazzant, J.) (explaining that treating physicians may testify as non-retained experts and opine on causation).

that he reviewed three sources of information: medical history, a physical exam, and test results (e.g., an MRI). *Id.* at 6. And, based on those sources of information, Dr. Bindal offered his causation opinion. *Id.* What's more, he testified that he specifically had ruled out other potential causes. *Id.* at 12. Based on this, the Court finds Dr. Bindal's causation opinion is based on a review of Plaintiff's pertinent medical history and his "personal knowledge and observations obtained during the course of care and treatment." *Chavez*, 2023 WL 6119881, at *3 (quoting *Kim*, 267 F.R.D. at 502). The testimony is therefore sufficiently reliable for purposes of Rule 702.

### B. Life Care Plan

Defendant objects to Dr. Choudhri's testimony regarding future medical expenses, arguing that her testimony does not meet the reasonable probability standard applicable to future medical expenses under Texas law. (D.E. 51, p. 15–16). "However, [reasonable probability] is a standard that is applied by the jury in determining whether a plaintiff has sufficiently established an entitlement to future medical expenses." *Chavez*, 2023 WL 6119881, at *6 (citing *Rodriguez v. Larson*, 250 F. App'x 607, 609 (5th Cir. 2007)). Because "the award of future medical expenses rests within the sound discretion of the jury" the Court will not apply the reasonable probability standard at this juncture to exclude Dr. Choudhri's testimony. *Id.* (quoting *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).

### C. Medical Expenses

Defendant seeks to exclude Dr. Choudhri's opinions on the reasonableness of medical costs already incurred by Plaintiff on the grounds that they "are clearly not the product of any reliable principles or methods[.]" (D.E. 51, p. 17). That is because, Defendant argues, Dr. Choudhri relied on her billing staff to provide the costs outlined. *Id.*

Treating physicians may testify regarding the reasonableness of medical costs. *Cantu v.*

*Wayne Wilkens Trucking, LLC*, 487 F. Supp. 3d 578, 584 (W.D. Tex. 2020) (Rodriguez, J.). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (citing *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 580 (5th Cir. 1985)).

The Court finds Dr. Choudhri's testimony regarding medical expenses sufficiently reliable. Similar to *Cantu*, Dr. Choudhri has been a pain-management physician for more than twenty years. (D.E. 53-3, p. 3). This qualifies her to give testimony, based on her experience as a pain-management physician, regarding the reasonableness of medical expenses incurred in pain management treatment. Although Dr. Choudhri relies on her billing department and doesn't usually herself run the numbers, *id.* at 11, 17, the billing department provides the costs for treatments which she has requested, *see id.* at 24, and she testified that those costs are usual and customary for the medical market in Victoria, Texas, *id.* at 12. Any argument that the costs should have been less goes to the weight of Dr. Choudhri's opinions, not their admissibility. *Cantu*, 487 F. Supp. 3d at 584.

### IV. Conclusion

Plaintiff properly disclosed Drs. Choudhri and Bindal as non-retained expert witnesses pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(2). As non-retained treating physicians, their testimony must be limited to their personal knowledge and observations obtained during the course of care and treatment of Plaintiff. Finally, the Court finds the planned testimony of Drs. Choudhri and Bindal sufficiently reliable for purposes of Rule 702. Accordingly, the Court **DENIES** Defendant's motion. (D.E. 51).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
December __, 2025