|IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MISTY VALLADARES § | |
| § | CIVIL ACTION NO. 6:24-CV-000012 |
| VS. § | |
| § | |
| § | |
| WAL-MART STORES TEXAS, LLC § | |
| ET AL § | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DEFENDANTS, WAL-MART STORES TEXAS, LLC and incorrectly named WALMART, INC. (hereinafter collectively referred to as "Defendants" or "Walmart"), and file this Motion for Judgment as a Matter of Law pursuant to Rule 50 of the FEDERAL RULES OF CIVIL PROCEDURE, and would respectfully show the Court the following:

## I. SUMMARY OF MOTION

Plaintiff has presented legally insufficient evidence to prove, by a preponderance of the evidence, that Walmart was negligent in this action. Plaintiff has not met its burden to show the existence of an unreasonably dangerous condition nor have they met their burden to prove Walmart had actual or constructive knowledge of such a condition.

## II. LEGAL STANDARD

Rule 50 of the Federal Rules of Civil Procedure provide that, once a party has been fully heard on an issue during jury rial and the court finds that a reasonable jury would not have legally sufficient evidentiary basis to find for that party, the court may resolve the

issue against the party and grant a motion for judgment as a matter of law. Fed. R. Civ. P. 50. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. *Id.*

Judgment as a matter of law is granted in two situations. The first situation is when there is a complete absence of proof on an issue material to the claim. *See Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995). A mere scintilla of evidence is not sufficient to present a question for the jury. *Hunter v. Knoll Rig & Equipment Mfg. Co.*, 70 F.3d 803, 808 (5th Cir. 1995. The second situation is when there are no controverted issues of fact on which reasonable persons could differ. *Powers v. Bayliner Mar. Corp.*, 83 F.3d 789, 796 (6th Cir. 1996). The court must view all the evidence in the light most favorable to the nonmovant and accept reasonable inferences in favor of the nonmovant. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

## II. ARGUMENT AND AUTHORITIES

In Texas, in order for a plaintiff to prevail on a premises liability claim, she must prove by a preponderance of the evidence that: (1) a condition on the premises posed an unreasonable risk of harm; and (2) the owner had actual or constructive knowledge of the risk. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex. 1983). In this case, Plaintiff has rested her case and, being fully heard in her cause of action, has not presented legally sufficient evidence to establish that an unreasonably dangerous condition existed on the premises, nor that Walmart had actual or constructive knowledge of said condition. There is a complete

absence of proof on these two elements of liability, and Defendant is entitled to Judgment as a Matter of Law.

### A. Plaintiff Has Not Established the Existence of an Unreasonably Dangerous Condition

Plaintiff has not presented legally sufficient evidence that there was a condition that rises to the level of an unreasonable risk of harm. Plaintiff has failed to even identify the condition she alleges was unreasonably dangerous. Plaintiff offered four potential witnesses to testify about the existence of an unreasonably dangerous condition; however, all of them testified they had no knowledge of the condition prior to the incident, that is, how exactly the totes were displayed and what was unreasonably dangerous about them.

First, Plaintiff offered John Amador, who was present when the incident happened. Mr. Amador testified that he "didn't look at" the smaller totes. Mr. Amador only observed the stack after he replaced it on the stackbase, which would be a condition he created after the accident. Although Mr. Amador testified that he stood the totes back in the same spot where they were, he also testified he did not know how they were, so there is no way for him to know if this is true.

Next, Plaintiff offered Walmart associates Marina Gonzalez and Nora Mier. Both of these witnesses testified that they only arrived after the incident, and did not observe the condition of the totes prior to them falling. Ms. Mier, who was a Team Lead in charge of the seasonal department, specifically testified that she did not know how the totes had been stacked, but if she had seen a dangerous condition, she would have fixed it.

Finally, Plaintiff herself testified about the event. Plaintiff testified that she can't say how the totes were stacked, can't say who stacked them, she can't say when they were stacked, she can't say how many customers touched, moved, or shopped the stack, nobody told her how they were stacked, and that she had never been aware of an accident in the store involving totes. She testified that she didn't notice anything wrong with the merchandise.

Plaintiff offers no other evidence describing the condition, let alone whether it was unreasonably dangerous. However, factors used by the courts would weigh in favor of the defendant in determining whether the stack—however it existed—posed an unreasonable risk of harm—that is, whether a harmful event was probable and foreseeable. Courts have considered the following factors:

(1) Whether the condition was clearly marked;
(2) The height of the condition;
(3) Whether any injuries had occurred in the past;
(4) Whether any other invitees had complained about the condition;
(5) Whether the condition or object at issue was unusual as compared to other objects in the same class;
(6) Whether the construction or placement of the condition would serve as a warning that the object presented the prohibited degree of danger.
(7) Whether the invitee had reasonable alternatives other than to traverse areas where the condition was located.
(8) Whether the condition met applicable safety standards.

See *Martin v. Chick-Fil-A*, No. 14-13-00250CV, 2014 WL 465851 (Tex. App. [14th Dist] Feb. 4, 2014).

In this case, the display was clearly marked—it was easily visible, conspicuous, and not hidden from view in any way—by Plaintiff's own admission. There is no evidence that stack of bins were at an abnormal or unusual height for retailers. There is no evidence that

4

the particular display at issue had ever injured anyone else. There is no evidence that anyone ever complained of the display, as it was, on the date of incident, or any other time. Plaintiff has no evidence that there was anything unusual or out of the ordinary concerning the display at issue. Plaintiff has no evidence indicating the display at issue failed to meet any safety standards. But perhaps most telling is Plaintiff's own testimony concerning the display. Specifically, Plaintiff testified that she didn't notice anything wrong with the merchandise.

Plaintiff's testimony is clear: Nothing about the stack of bins indicated to her that it was dangerous or that the stack was about to fall. Further, Nora Mier testified that if the totes were stacked the way Plaintiff speculates they were, **that would be a safe way to display them**.

Based on the foregoing, Plaintiff does not have legally sufficient evidence to demonstrate that the display at issue presented an unreasonable risk of harm, as that term is understood in law, and the Court should grant Judgment as a Matter of Law in favor of the Defendants.

**B.     Plaintiff has not demonstrated Defendants' Actual or Constructive Knowledge**

To establish that Walmart had knowledge of the alleged dangerous condition, i.e. that the bins were improperly stacked, Plaintiff must show that one of the following two situations existed: (1) Walmart knew that the bins were going to fall and negligently failed to correct it; or (2) the precarious condition of the bins about to fall existed for so long that Walmart should have discovered and corrected it in the exercise of reasonable care. *See Collard v. Interstate Northborough Partners and Texas Maintenance System, Inc.,* 961

S.W.2d 701 (Tex. App.—Tyler 1998, no pet.) (*citing Keetch,* 845 S.W.2d at 264–66). Plaintiff has presented no evidence that Walmart knew the bins were going to fall prior to them falling, and negligently failed to correct it. Plaintiff testified, herself, that there was nothing about the display that appeared dangerous. None of Plaintiff's witnesses presented any testimony that Walmart was aware of a dangerous condition on the premises before the incident.

Accordingly, because there is no evidence that Walmart actually knew the stack of bins were about to fall, Plaintiff must prove constructive knowledge.

### 1. **Wal-Mart Stores, Inc. v. Reece**

In *Wal-Mart Stores, Inc. v. Reece*, the Texas Supreme Court addressed the time-notice rule, "which is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." 81 S.W.3d 812, 816 (Tex. 2002) (emphasis added). The Court held that "[w]ithout some temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* Moreover, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. *Id.* Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected." *Id.*

### 2. **Astolfo v. Hobby Lobby Stores, Inc.**

In *Astolfo v. Hobby Lobby Stores, Inc.*, the First Court of Appeals affirmed summary judgment in favor of retailer Hobby Lobby in a premises liability case brought by a

6

customer who alleged merchandise fell from a shelf and struck her, holding that Hobby Lobby had neither actual nor constructive knowledge of the condition. *Astolfo v. Hobby Lobby Stores, Inc.*, 2008 WL 2186319 (Tex. App.—Houston [1st Dist.] 2008).

In that case, two nesting tables spontaneously fell from the top display of a shelf while the plaintiff was walking down an aisle. *Id.* at *1. Prior to the incident, the tables had been on top of the display shelf for three to six weeks without incident. *Id.* Although the plaintiff presented evidence of three years of incident reports of merchandise striking customers, none of the prior instances occurred in the same manner as the plaintiff's incident. *Id.* at *2. Moreover, evidence existed that displaying merchandise on high shelves is a common and well-established practice of Hobby Lobby and other retailers. *Id.* The plaintiff presented no evidence of other merchandise spontaneously falling from a shelf. Id.

The Court of Appeals affirmed the district court's summary judgment finding in favor of Hobby Lobby. In reaching their conclusion, the Court recognized that the only temporal evidence showed that immediately before the incident, the display was secure and showed no signs of presenting a dangerous condition. *Id.* at *3. The tables were not leaning forward or hanging off the shelf. The plaintiff presented no evidence that Hobby Lobby should have discovered that the tables caused an unreasonably dangerous condition on its premises. *Id.*

### 3. <u>Analysis</u>

Like in *Astolfo*, Plaintiff has presented no evidence to suggest that immediately prior to the accident, the stacked merchandise was not completely secure and stable, or stacked

too high. To the contrary, her testimony confirms that even she believed the stack of bins was "absolutely not" a danger prior to the accident. Plaintiff's testimony regarding the accident only tends to show that an incident occurred; it does not provide any evidence regarding how long an unreasonable risk of harm existed. In fact, despite the Texas Supreme Court's mandate in *Reece*, that, "[w]ithout some temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition," *Reece*, 81 S.W.3d at 816, Plaintiff has failed to produce any temporal evidence in the instant lawsuit. Recall, Plaintiff testified that she can't say how the totes were stacked, can't say who stacked them, she can't say when they were stacked, she can't say how many customers touched, moved, or shopped the stack, nobody told her how they were stacked, and that she had never been aware of an accident in the store involving totes. None of Plaintiff's other witnesses provided this evidence either. As in *Astolfo*, here, the only temporal evidence available shows that immediately before the incident, Plaintiff did not notice anything wrong with the merchandise.

The time-notice rule as outlined in Reece exists because the Texas courts did not want to impose liability on a storekeeper for the carelessness of another over whom it had no control or for "the fortuitous act of a single customer" that could instantly create a dangerous condition. The time-notice rule was imposed, even though it may be difficult or impossible for the Plaintiff to meet their burden. However, the burden is still on the Plaintiff. And in this matter, the Plaintiff has produced no evidence of when the condition was created, and thus has not met their burden to prove negligence. Since the evidence is legally insufficient to support a finding of negligence, Defendant is entitled to judgment as

8

a matter of law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT WAL-MART STORES TEXAS, L.L.C. and WAL-MART, INC. move that they be granted final judgment as a matter of law to all of Plaintiff Misty Valladares's claims, that same be dismissed with prejudice, and for such further and other relief to which it may be entitled.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ Matthew Leslie*
John A. Ramirez
Texas Bar No. 00798450
Federal Bar No. 21280
Kelsey Heaton
Texas Bar No. 24080501
Federal ID No. 3930733
Matthew T. Leslie
Texas Bar No. 24061885
Federal Bar No. 3889682
5615 Kirby, Suite 900
Houston, Texas 77005
T: (713) 626-1555
F: (713) 622-8077
ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC
AND WALMART, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing instrument has been sent to Plaintiff by facsimile, certified mail, return receipt requested and/or delivery service this 28th day of January 2026.

Jim Cole
Evan Anders
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, Texas 77901

                                                  */s/Matthew Leslie*
                                                  John A. Ramirez/Matthew Leslie

|IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MISTY VALLADARES § | |
| § | CIVIL ACTION NO. 6:24-CV-000012 |
| VS. § | |
| § | |
| § | |
| § | |
| WAL-MART STORES TEXAS, LLC § | |
| ET AL § | |

## **ORDER**

BE IT REMEMBERED that on this day came on to be heard DEFENDANT**,** WAL-MART STORES TEXAS, L.L.C. and DEFENDANT WALMART, INC.'s Motion for Judgment as a Matter of Law in the above-entitled and numbered cause. The Court, having considered the motion and response, if any, is of the opinion that the motion is in all things good and should be granted; it is therefore,

ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Judgment as a Matter of Law is hereby GRANTED, and that the above-entitled and numbered cause shall be dismissed, with prejudice, as to the claims for recovery by Plaintiff.

SIGNED this _____ day of _____, 2026.

_____
JUDGE PRESIDING