IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MISTY VALLADARES § | |
| § | CIVIL ACTION NO. 6:24-CV-000012 |
| VS. § | |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| ET AL § | |

# DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S BILL OF COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DEFENDANTS, WAL-MART STORES TEXAS, LLC and incorrectly named WALMART, INC. (hereinafter collectively referred to as "Defendants" or "Walmart"), and files these objections to and motion to strike Plaintiff's Bill of Costs (DOC #107).

## I. ARGUMENTS & AUTHORITY

The clerk may tax costs other than attorney's fees on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Plaintiff filed her Bill of Costs on February 25, 2026. DOC #107. On motion served within the next seven days, the court may review the clerk's action. *Id.* The computation of time excludes the day that triggers the event, and includes the last day of the period. Fed. R. Civ. P. 6. The clerk taxed costs on March 11, 2026. Defendants now file this motion that the Court review this action.

### A.   PLAINTIFF'S BILL OF COSTS IS NOT VERIFIED

Section 1924, Title 28, U.S. Code provides: "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged

were actually and necessarily performed." Plaintiff's filing has failed this initial, basic requirement as there is no affidavit attached to her filing. The party seeking to recover such costs bears the burden of proving the necessity of the costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d at 64 (5th Cir. 1994). Parties have to provide enough information for the Court to be able to make a reasonable determination of necessity. *Honestech v. Sonic Solutions*, 725 F.Supp.2d 573, 584 (W.D. Tex. 2010).

Here, Plaintiff has not only failed to provide the required affidavit, Plaintiff has presented no evidence of the necessity of any of the listed costs. The only evidence Plaintiff presents is a spreadsheet and copies of invoices. This is not sufficient to justify the award of costs. Therefore, the Court should strike Plaintiff's Bill of Costs and void the clerk's action taxing costs, or in the alternative, and for the reasons listed below, award zero costs or reduce the costs to those for which Plaintiff meets her burden.

**B.    PLAINTIFF'S COSTS ARE NOT RECOVERABLE**

Even if Plaintiff cures the basic deficiency of compliance with 28 U.S.C. §1924, Plaintiff's claimed costs are still not recoverable. For the reasons below, Plaintiff cannot meet her burden to show the claimed costs are recoverable under 28 U.S.C. § 1920.

According to Rule 54(d) of the Federal Rules of Civil Procedure, costs shall be allowed as of course to the prevailing party in a civil action. However, not all expenses incurred by a party can be reimbursed. *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir.1988) (finding Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but "it does not give them the power to tax items not elsewhere enumerated."). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or

electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. Courts may decline to award costs permitted by § 1920, but they may not award costs which are not specifically listed in the statute. *Compton v. Taylor,* 2006 WL 1789045 at *3 (S.D.Tex.2006) (citing *Crawford Fitting Co. v. JT Gibbons, Inc.,* 482 U.S. 437, 442, (1987)). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994).

1. ***Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.***

Plaintiff's largest category of costs falls under 28 U.S.C. § 1920(2), fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Plaintiff requests that $12,927.78 be taxed as costs in this category, without support for the necessity of those costs.

In order for a deposition or its transcript to be "necessarily obtained for use in the case," it must, at the time it was taken, reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). To be taxable, a deposition copy must be obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, to be included in taxable costs. *Id.* Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Id.* at 285-286.

a. **TrialSmith**

As part of her deposition transcripts costs, Plaintiff requests costs for a TrialSmith invoice in the amount of $259.80.[1] The costs of taking, transcribing, and reproducing depositions which are "necessarily obtained for use in the case" are what are allowed. 28 U.S.C. § 1920(2); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.,* 952 F.Supp. 415, 417 (N.D.Tex.1997). TrialSmith is a database used by plaintiffs' attorneys that compiles transcripts of expert testimony. Plaintiff ordered three transcripts of past testimony by Mary Rossi on July 9, 2025, presumably to research the expert and prepare for their August deposition of defense expert Mary Rossi. These transcripts are not transcripts from testimony in this matter. and would not have reasonably been expected to be used at trial, but rather as part of their expert discovery. Plaintiff did not use these during trial and has not demonstrated why these were necessary for use during trial, so they should be removed from the Bill of Costs.

b. **Video Editing**

Also included in her request for transcript costs, Plaintiff requests payment for video editing for services from V.I.P. Services in the amount of $270.00.[2] The line item reads "Edit video deposition of Dr. Rajesh Bindal for trial". Section 1920 allows for the court to award costs for printed or electronically recorded transcripts, not video editing. The Court may not award costs not specifically enumerated in the statute. Accordingly, the video editing fees must be removed from the Bill of Costs. Additionally, not only was this not a transcript and thus not recoverable, but this was also not an expense that was necessary for trial. Dr. Bindal was Plaintiff's treating physician, and was available to testify in person. Dr. Bindal resides within 100 miles of the courthouse. Nothing prevented his attendance aside from Plaintiff's counsel's decision to present

---

[1] *See* DOC #107-1, p. 41.
[2] *See* DOC #107-1, p. 5.

his testimony by way of video. Without sufficient explanation from Plaintiff as to the necessity of this "video editing," the $270.00 cost should be removed from the Bill of Costs.

      **c. Deposition conveniences and nonrecoverable costs**

In the invoices for the ten individuals deposed by Plaintiff's attorneys, counsel ordered several conveniences which are not appropriate to tax to Defendants. Section 1920 allows for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, not add-ons provided for counsel's convenience. Included among these costs are "condensed transcripts" (aka "mini prints"), "Intelligent Summary+", "Litigation Support Package", extra exhibit CD-ROMs, and mysterious "Processing & Compliance" charges, adding anywhere from $200.00 to $450.00 per invoice.[3] These add-on features are purely for Plaintiff's counsel's convenience and are not necessary for use at trial. Condensed transcripts do not provide any additional information but merely serve as another copy of a transcript that fits on fewer pages. According to the website of Esquire, the court reporting service, "Intelligent Summary+" is an executive summary created by artificial intelligence, advertised as a "unique feature [that] organizes the summary thematically around key legal and factual issues to help you and your team quickly ascertain important insights into your case so that you can start formulating a winning strategy at the earliest possible juncture." This is the basic function of counsel, and the service is purely a convenience. The invoices do not provide any information as to what the "Litigation Support Package" or "Processing and Compliance" fees provide, but it matters not. The costs of taking, transcribing, and reproducing depositions which are "necessarily obtained for use in the case" are what are allowed. 28 U.S.C. § 1920(2); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.,* 952 F.Supp. 415, 417 (N.D.Tex.1997). The extra add-on services are not.

---

[3] *See* DOC #107-1, pp. 7, 9, 11, 14-16, 19, and 42.

Accordingly, Plaintiff's costs should be reduced by $2,175.00 to account for these non-recoverable costs.

### d. Discovery depositions not taken for use at trial

Finally, Plaintiff's counsel took several depositions which, at the time they were taken, were not reasonably expected to be used for trial.

Several depositions were taken, not for use for trial preparation, but instead to support a possible spoliation claim. Plaintiff's counsel deposed Josh Sparks and Denise Brassfield solely for the purposes of discovery in relation to spoliation. Plaintiff's counsel theorized that Walmart was withholding surveillance video from the subject premises that, presumably, would have supported Plaintiff's claims. Despite representations from defense counsel that all available video was retained and produced, Plaintiff requested depositions of several Walmart employees to investigate camera placement, retention periods, and other topics solely related to their spoliation claim. Josh Sparks, asset protection investigator, was deposed on September 18, 2025,[4] and Denise Brassfield née Salinas, asset protection team lead, was deposed on September 30, 2025.[5] Both of these depositions were solely aimed at providing evidence to support Plaintiff's spoliation theory. These transcripts were not necessary for use at trial, and were not used at trial, and should be removed from the Bill of Costs.

Accordingly, Plaintiff's Bill of Costs should be reduced by $1,135.20 for these Walmart associate depositions. (This amount is exclusive of the add-on fees discussed in section B.1, above.)

---

[4] *See* DOC #107-1, p. 9.
[5] *See* DOC #107-1, p. 7.

Plaintiff also claims recovery for deposition transcripts of Drs. Mobeen Chaudhri and Rajesh Bindal.[6] Both of these witnesses are Plaintiff's treating physicians, designated by Plaintiff as her expert witnesses in the case. There is no evidence that, at the time they were taken, they were necessary for use at trial. Both witnesses were within the 100 mile subpoena range of the court.[7] The District Court in *Honestech v. Sonic Solutions* analyzed this issue regarding 13 witnesses deposed in that case. 725 F.Supp.2d 573, 583 (W,D, Tex. 2010). In that case, the only evidence supporting awarding costs of these transcripts was counsel's conclusory assertion that "[t]hese recorded transcripts were necessarily obtained for use in the case" (*Cf.* Mr. Anders's unsworn assertion that these "costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.") The District Court allowed only those transcripts which were actually used at trial, and the transcripts of the opposing party's witnesses which the other party chose not to call at trial. *Id.* In contrast, Plaintiff seeks costs for transcripts of her own witnesses, both of which testified at trial (either live or by deposition), and for which neither transcript was used at trial.

In *Motion Games LLC v. Nintendo Co., Ltd.*, the Court denied deposition cost when Plaintiff provided no credible evidence that, at the time the depositions were taken, they reasonably expected any of the deposed witnesses to be absent from trial. No. 612CV00878RWSJDL, 2016 WL 9136171, at *6 (E.D. Tex. Oct. 24, 2016), report and recommendation adopted, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436 (E.D. Tex. Jan. 4, 2017). "Defendants also have not provided credible evidence to suggest that, at the time of depositions, they reasonably expected any of the deposed witnesses to be absent from trial. Defendants argue that the witnesses were outside the

---

[6] *See* DOC #107-1, pp. 15-16.
[7] Dr. Chaudhri testified she practices out of both Victoria and Houston. Dr. Bindal resides at 5107 Nightingale Ct., Sugar Land, Texas, which is 98.3 miles from the Martin Luther King, Jr. Federal Building in Victoria, per google maps. *See* Exhibit B, https://maps.app.goo.gl/6osfyaoXNbhvynyu8.

Court's subpoena power, but these witnesses are Defendants' own witnesses or Plaintiff's key witnesses that could reasonably be expected to give live testimony during trial. Defendants' general speculation as to the inability of witnesses to attend trial does not suffice as a basis to award costs." *Motion Games*, 2016 WL 9136171, at *6. Similarly, these were Plaintiff's own witnesses, one of who did in fact appear at trial, were within the court's subpoena power, and were not expected to be absent. There is no showing that these costs were necessary for trial, and they should be denied.

Additionally, Plaintiff seeks recovery for recording the video deposition of Dr. Bindal.[8] As described above, § 1920 allows for the court to award costs for printed or electronically recorded transcripts, not both, and even so, the entirety of the costs related to this deposition should be denied as Dr. Bindal could have testified at trial. Courts have disallowed both printed and electronic recording of depositions. *See, e.g.*, *HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., Inc.*, No. CIV.A. 5:07-CV-62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.") Additionally, at the time the video was taken, there was no reasonable expectation that the witness would be absent from trial. In fact, Dr. Bindal was presented by counsel's own election, which was not made until January 12, 2026, before the pre-trial conference. *See* Exhibit A, attached. Accordingly, Plaintiff's Bill of Costs should be reduced by $2,991.90 for these expert transcripts, including $408.25 for the videographer for Dr. Bindal. (This amount is exclusive of the add-on fees discussed in section B.1, above.)

---

[8] *See* DOC #107-1, p. 18.

**DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S BILL OF COSTS**
**Page 8**

### 2. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

Section 1920(4) permits an award of costs for "exemplification and copies of papers necessarily obtained for use in the case." But a necessary condition for recovery of costs under § 1920(4) is that such items were "necessarily obtained" for use in the trial. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994). Thus, the Court must make an express finding of fact the expenses were actually necessary. *Id.*; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir.1993). To evaluate the necessity of a particular type of exemplification, the Court may consider "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, is exemplification vital to the presentation of that information, or was it merely a convenience or, worse, an extravagance?" *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 428 (7th Cir.2000). It is settled that costs for charts, models and photographs may be taxed as costs only if there is pretrial authorization by the trial court. *See Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir.1983); *Johns Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381, 1385 (5th Cir.1970); *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985), on reh'g, 790 F.2d 1193 (5th Cir. 1986), aff'd and remanded, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987).

### a. Foam Boards with Rush Fees

Plaintiff presents three UPS Store invoices for "Rush Foamboards."[9] There is no sign of Court pre-authorization here, and so the costs should be denied outright. Defendant also objects to the necessity of these items. Between the three invoices, Plaintiff ordered 25 separate foam boards, presumably of exhibits they wanted mounted. Each of these also incurs a rush fee. To address the rush fees first, the 5th Circuit has held that the extra cost of obtaining a trial transcript on an

---

[9] *See* DOC #107-1, pp. 2-4.

expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript. *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985), on reh'g, 790 F.2d 1193 (5th Cir. 1986), aff'd and remanded, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987)). The same should hold true for trial foam boards. There is no justification for a delay in these orders, and thus no justification for a rush fee. There were no special circumstances of the litigation that required a rush. The rush fees should be disallowed. Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other. *Fogleman*, 920 F.2d at 286.

      Additionally, Plaintiff has presented no evidence to satisfy her burden that these 25 foam boards were actually necessary. Although a few exhibits on foam boards were used at trial, certainly 25 were not used. And the Court must consider whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, is exemplification vital to the presentation of that information, or was it a convenience or an extravagance? *Cefalu*, 211 F.3d at 428. The Courtroom in this case was equipped with several methods of publishing exhibits to the jury, including a document camera and computer ports, both of which gave an option to display the exhibits on a large projection screen, at no additional cost. Because Plaintiff cannot justify the necessity of the 25 foam boards, the cost should be denied.

      Accordingly, Plaintiff's Bill of Costs should be reduced by $860.60.

### b. Plaintiff's Medical Expenses

Plaintiff also includes, presumably in error, a bill for medical expenses incurred at Greater Houston Interventional Pain Associates, P.A., Dr. Mobeen Chaudhri's practice.[10] The bill, dated October 1, 2025, is for an office visit, CPT code 99214 (Established patient office or other outpatient visit, 30/39 minutes) and Behavioral/Emotional Assessment, CPT code 96127 (Brief emotional/behavioral assessment (e.g., depression inventory, ADHD scale), with scoring and documentation, per standardized instrument), both of which were conducted on September 12, 2025. These are medical expenses, and should have been included in Plaintiff's claim for compensatory damages. The Court is not authorized to award additional compensatory damages under § 1920.

Accordingly, Plaintiff's Bill of Costs should be reduced by $446.00.

### 3. *Fees for service of summons and subpoena.*

Plaintiff seeks payment for $94.68 as the recovery of costs for private process servers[11] and $409.50 for costs paid to the Calhoun County Clerk[12]. Plaintiff may only recover costs enumerated in Section 1920, and these are not recoverable costs under that section. 28 U.S.C. § 1920(1). In *Cypress–Fairbanks Ind. Sch. Dist. v. Michael F.,* the Court found "[the defendant] properly objected to the ... cost attributable to the school district's use of a private process server to serve both them and their attorney despite their counsel's having agreed to accept service on their behalf and not having objected to the use of service by mail. As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs." 118 F.3d 245, 257 (5th Cir.1997). The *Honestech* court considered a similar

---

[10] *See* DOC #107-1, p. 6.
[11] *See* DOC #107-1, pp. 61-62.
[12] *See* DOC #107-1, pp. 63-64.

situation and determined that private process server fees were not allowed because only fees to the United States Marshals are enumerated in § 1920. Because private process server fees are not specifically enumerated in § 1920, which encompasses only fees paid to the United States Marshal for service of process, fees to private process servers were denied. *Honestech v. Sonic Solutions*, 725 F.Supp.2d 573, 585 (W.D. Tex. 2010). The same result should occur here. Similarly, § 1920 contemplates fees paid to the United States Clerk, not to other county clerks not contemplated by the statute. As Defendants removed this case based on diversity jurisdiction, filing fees to the clerk were paid by Defendant. Plaintiff's fees to the Calhoun County Clerk are not permitted by the statute and must be denied.

Accordingly, Plaintiff's Bill of Costs should be reduced by $504.18.

## II. CONCLUSION

Plaintiff bears the burden of proving the necessity of her costs. For the reasons outlined above, Plaintiff has not met her burden. Defendants move to strike Plaintiff's Bill of Costs, and to the extent the Bill is not stricken or the procedural defect is removed, Defendants object as discussed and request the Court disallow these claims until Plaintiff meets her burden on proving the necessity of such costs.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS WAL-MART STORES TEXAS, L.L.C. and WAL-MART, INC. pray the Court strike Plaintiff's Bill of Costs, deny same, and grant such further and other relief to which they may be entitled.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ Matthew Leslie*
John A. Ramirez
Texas Bar No. 00798450
Federal Bar No. 21280

> Matthew T. Leslie
> Texas Bar No. 24061885
> Federal Bar No. 3889682
> Kelsey Heaton
> Texas Bar No. 24080501
> Federal ID No. 3930733
> 5615 Kirby, Suite 900
> Houston, Texas 77005
> T: (713) 626-1555
> F: (713) 622-8077
> **ATTORNEYS FOR DEFENDANT, WAL-MART STORES TEXAS, LLC AND WALMART, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to Plaintiff by facsimile, certified mail, return receipt requested and/or delivery service this 11th day of March 2026.

Jim Cole
Evan Anders
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, Texas 77901

> */s/Matthew Leslie*
> John A. Ramirez | Matthew Leslie